UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
                               )
         v.                    )    CRIMINAL ACTION
                               )    NO. 04-10010-PBS
MATTHEW DWINELLS,              )
         Defendant,            )
_____)
```

**MEMORANDUM AND ORDER ON THE GOVERNMENT'S MOTION FOR
REVOCATION OF MATTHEW DWINELLS' RELEASE ON CONDITIONS**
September 22, 2004

**SWARTWOOD, M.J.**

I. Background

On January 14, 2004, an Indictment was returned, charging Matthew Dwinells ("Mr. Dwinells"), with three counts of attempted coercion and enticement, in violation of 18 U.S.C. §2422(b), one count of receipt of child pornography, in violation 18 U.S.C. §2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B).

On February 5, 2004, Mr. Dwinells appeared for his initial appearance and arraignment. On that date, Mr. Dwinells was released on the following relevant conditions:

(a) Report by telephone to Pretrial Services the last Wednesday of the month;

(j) Maintain residence at 18 Irene Street, Lawrence, Massachusetts;

>  . . .
>
> (w)  No unsupervised visits with children under the age of eighteen, continue counseling;

<u>Order Setting Conditions of Release</u>, (Docket No. 5).

## II.  <u>Nature of the Proceeding</u>

On August 11, 2004, the Government filed an <u>Ex Parte</u> Motion For Issuance Of An Arrest Warrant, Revocation Of Release And For An Order Of Detention [Of Mr. Dwinells](Docket No. 16).  On August 26, 2004, Mr. Dwinells was arrested and appeared before Magistrate Judge Cohen for his initial appearance.  Judge Cohen detained Mr. Dwinells for a revocation hearing to be held before me.  A revocation hearing was held on September 13 and September 20, 2004.  Following the conclusion of the revocation hearing, Mr. Dwinells agreed that, if I found, by clear and convincing evidence, that he had violated his conditions of release, he would assent to an Order of Detention.  Mr. Dwinells reserved his right to re-open the detention hearing in the future upon a showing that he has evidence to present to the Court on the issue of detention that was previously unavailable or not known to him.

## III.  <u>Facts</u>

1.  Mr. Dwinells discontinued his counseling with the Greater Lawrence Psychiatric Center in Lawrence, Massachusetts on May 13, 2004 and has failed to appear for counseling since that date.  On June 3, 2004, Mr. Dwinells told the Pretrial Services Officer, Ms. Brown, that he had been attending counseling as ordered.  <u>Govt. Ex. 1</u>.

  2. Mr. Dwinells failed to report to Pretrial Services as ordered.  Govt. Exs. 1 and 2.

  3. Mr. Dwinells has failed to maintain his residence and failed to notify his supervising Pretrial Services officer as to his present living arrangements.  Id.

  4. Mr. Dwinells has resided for a period of time in his sister's household where her three grandchildren, under the age of ten, were at the home during the day on a regular basis.  Mr. Dwinells' sister was not aware of the charges against Mr. Dwinells pending in this Court and did not know that he was ordered not to have unsupervised visits with children under the age of eighteen.  Id.

### IV.  Discussion

 Section 3148(b) provides that the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

 (1) finds that there is –

   . . .

  (B) clear and convincing evidence that the person has violated any other condition of release; and

  finds that –

 (2)  . . .

  (B) the person is unlikely to abide by any condition or combination of conditions of release.

 In this case, the Government asserts that Mr. Dwinells'

conditions of release should be revoked on the grounds there is clear and convincing evidence that he violated his conditions of release.

A.   Whether Mr. Dwinells Violated His Conditions of Release

Clearly, Mr. Dwinells has violated his conditions of release by failing to report to Pretrial Services as directed, by having unsupervised contact with children under the age of eighteen, arbitrarily discontinuing his counseling, failing to maintain his residence and failing to notify Pretrial Services of his living arrangements.

V.   Conclusion

I have found, by clear and convincing evidence, that Mr. Dwinells has violated his conditions of release.  As a result of this finding, Mr. Dwinells has assented to an Order of Detention. Therefore, Mr. Dwinells' release is revoked and he is ordered detained, but may reopen the detention portion of this hearing in the future.

VI.   Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.   That Mr. Dwinells be committed to the custody of the Attorney General, or her designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Dwinells be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Dwinells is detained and confined shall deliver Mr. Dwinells to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<div style="text-align:center">RIGHT OF APPEAL</div>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<div style="margin-left:50%">
/s/Charles B. Swartwood, III  
CHARLES B. SWARTWOOD, III  
MAGISTRATE JUDGE
</div>