UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CR. No. 04-10010-PBS |
| MATTHEW DWINELLS, : | |
| : | |
| Defendant : | |

### GOVERNMENT'S MOTION *IN LIMINE* FOR
### INSTRUCTION ON "INTENT" ELEMENT UNDER 18 U.S.C. §2422(b)

The defendant is charged in counts one through three with attempting to use a facility of interstate commerce to **knowingly persuade, induce, entice and coerce** any individual who had not attained the age of 18 years to engage in an unlawful sex act, in violation of 18 U.S.C. §2422(b). Because it is likely that the principal issue at trial will be whether the defendant possessed the requisite intent,[1] and because the government intends in its opening to explain the statute and its elements to the jury, the United States of America hereby respectfully requests that the Court rule, ahead of trial, that section 2422(b) requires only that a defendant intend to persuade, induce, entice or coerce a minor, and not that the defendant intend to commit the underlying sexual act. This interpretation flows from the plain and unambiguous wording of the statute, and is consistent with the holding of every court that has had occasion to address the

---

[1] The government has been advised that the defendant intends to plead guilty to counts four and five, charging him with receipt and possession of child pornography, respectively.

issue. See e.g., United States v. Thomas, 410 F.3d 1235, 1244 (10th Cir. 2005)(§2422(b) requires only that the defendant intend to entice a minor rather than commit unlawful sex act); United States v. Patten, 397 F.3d 1100, 1103 (8th Cir. 2005)("the intent that violates §2422(b) is the intent to persuade a minor to engage in illegal sexual activity"); United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004)("The underlying criminal conduct that Congress expressly proscribed in passing §2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself"); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000)(§2422(b) criminalizes "the attempt to persuade, not the performance of the sexual acts themselves.)

       Respectfully submitted,
       MICHAEL J. SULLIVAN
       United States Attorney

   BY: /s/Donald L. Cabell
       Donald L. Cabell
       Assistant U.S. Attorney
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3105

       Sara L. Gottovi
       Trial Attorney, Department of Justice
       (202) 305-4133