UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
)
MATTHEW DWINELLS ) CR. NO. 04-10010-PBS
)

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE UNDER RULE 404(b)**

**INTRODUCTION**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Donald L. Cabell, hereby moves pursuant to Rule 404(b) of the Federal Rules of Evidence to admit evidence of child erotica, and child pornography images which are closely linked to the attempted enticement charges contained in Counts One through Three of the First Superseding Indictment.  As set forth below, evidence of Dwinells' possession of child pornography and child erotica is unquestionably relevant and admissible.

**RELEVANT FACTS**

Dwinells is charged in Counts One through Three of the First Superseding indictment with three separate violations of 18 U.S.C. § 2422(b), relating to online undercover interactions with police officers from two separate undercover operations, the first located in Beaufort, South Carolina and Richmond, Virginia and the second located in Dayton, Ohio.  Dwinells communicated via instant messaging ("internet chats") with these two undercover operations,

which over the duration of the undercover contacts represented themselves to be three separate adolescent girls approximately fourteen years of age. In addition to the internet chats, Dwinells engaged in a series of three telephone calls with the Dayton operation.

During thee internet chats, Dwinells instructed his minor victims to send him specific pictures of their sexual organs, while also commanding one of his victims to engage in specific sexual conduct. The United States anticipates that the primary dispute in this case will be one of Dwinells' intent. In this context, Dwinells' possession of child erotica and child pornography on his computer is clearly demonstrative of his "proof of motive,...intent,...knowledge,...or absence of mistake or accident" under Rule 404(b) of the Federal Rules of Evidence. Therefore, since the evidence is probative of Dwinnell's motive, intent, knowledge, and absence of mistake or accident, it should be admitted.

**ARGUMENT**

The Supreme Court has set forth four requirements that should be followed by courts exercising their discretion under Rule 404(b): "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at the defendant's request, the district court should give the jury an appropriate limiting

2

instruction." United States v. Downing, 297 F.3d 52, 58 (2d Cir.2002) (citing Huddleston v. United States, 485 U.S. 681, 690 (1988).

### Child Pornography and Child Erotica Images Found on Dwinells' Computer Should be Admitted Under Rule 404(b)

Child erotica and child pornographic images are admissible under Rule 404(b) because Dwinells' possession of them demonstrates his sexual interest in children and such conduct is probative of his intent to fulfill his interest with the three undercover victims in this case "Maria," "Paige," and "Ashley."  Prior act evidence should be admitted as proof of defendant's knowledge or intent when, as here, the other act is "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated by the proponent of the evidence." United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994).  Evidence that Dwinells exhibited an interest in child erotica and child pornography on the internet in the period leading up to the charged conduct is pertinent to whether he used the internet in an attempt to engage in sexual conduct with "Maria," "Paige," and "Ashley."  The Government need not show any causal link between the online enticement and the possession of child pornography – that overstates the Government's burden. See Fed.R.Evid 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

3

than it would be without the evidence."); See, also e.g., United States v. Brand, 2005 WL 77055 (S.D.N.Y. Jan. 12, 2005).

The defendant's conduct with respect to these images serves as a critical insight into his state of mind. See, e.g., Huddleston, 485 U.S. at 685-86 ("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."). Accordingly, the Court, while obviously cognizant of their inflammatory nature, should find that the probative value of the images substantially outweighs the risk of unfair prejudice to Dwinells, particularly if an appropriate limiting instruction is provided at the time they are offered and again when the jury is charged. Moreover, evidence suggesting the viewing of child pornography is not unduly prejudicial within the context of a case alleging an attempt to engage in sexual acts with a child. See United States v. Williams, 205 F.3d 23, 24 (2d Cir.2000) (finding no unfair prejudice from the introduction of prior act evidence where the evidence did not concern conduct more serious than the charged crime and district court gave a proper limiting instruction). Furthermore, since the key disputed issue in this case is the defendant's intent, the content of the images is of especial significance. The sexual nature of child pornography images is outside the experience of the average member of the

community. Without viewing the images the jury is unlikely to understand that child pornography is something more than a simple nude picture of a child. Hence, the Court should rule that the images are admissible subject to an evidentiary hearing so that the Court may determine the number of images that will be admitted and how the images will be presented to the jury.

## CONCLUSION

Based on the foregoing, the Government' motion to admit evidence should be granted. The images of child erotica and child pornography are admissible under Rule 404(b).

        Respectfully submitted,
        MICHAEL J. SULLIVAN
        United States Attorney

BY:   /s/Donald L. Cabell
       Donald L. Cabell
       Assistant U.S. Attorney
       One Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3105

       Sara L. Gottovi
       Trial Attorney, Department of
       Justice
       (202) 305-4133