```
                  UNITED STATES DISTRICT COURT

                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
     v.                       )    CRIMINAL NO. 04-10010-PBS
                              )
MATTHEW DWINELLS              )
```

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The defendant Matthew Dwinells proposes that this Court put the following questions to the panel of prospective jurors during jury selection in the above-captioned case.[1]

Please raise you hand if you would answer "yes" to the following questions:

1. During the past 10 years, have any of you served on a jury or been excluded from a jury? Was the case civil or criminal? Without saying the outcome, did the jury reach a verdict? Will you be able to put aside your prior jury experience as you sit in this case, ignore completely anything you learned about the law, and decide this case solely on the basis of the evidence that I admit during this trial and on the law as I instruct you in it?

2. Have you, or has anyone in your immediate family, been a

---

[1] The defendant has moved for attorney-conducted voir dire in this case. Counsel proposes that the questions submitted here be asked before counsel for the parties examine the panel.

   party to any lawsuit, whether civil or criminal?  Is so, who ( you or a family member) was the party to the case?  Was the person a plaintiff or a defendant?  What was the nature of the case?  Was it tried or settled? What was the outcome?  Is there anything about that experience that causes you to be unsure about your ability to decide this case fairly and impartially, and only on the basis of the evidence I admit during this trial and the law as I instruct you in it?

3. Have any of you ever been a witness in state or federal court in any lawsuit, whether civil or criminal?  For which side did you testify?  What was the nature of the case?  Is there anything about that experience that causes you to be unsure about your ability to decide this case fairly and impartially, and only on the basis of the evidence I admit during this trial and the law as I instruct you in it?

4. Have you, or has any member of your family, attended law school or had other training in the law?  If so, can you put aside whatever knowledge of the law you may have acquired before today, and will you promise to apply only those legal principles in which I instruct you to the evidence in this case?

5. Have any of you ever worked for any local, state, or federal law enforcement agency, including the U.S. Postal Inspection Service?  If so, which agency?  When?  Where?  What was your

position?  Have any of you ever had any particular experience with the U.S. Postal Inspection Service which may affect your ability to be fair and impartial in this case?

6. Have any of you, or has anyone close to you, ever been arrested or charged with a crime?  If so, who was arrested or charged?  Were you, or the person involved, prosecuted in a court of law?  Was the case tried or settled?  What was the outcome?  How do you feel you, or the person involved, were treated, either by the police or anyone you or they dealt with afterwards?

7. Have you or has a close friend or family member ever made a complaint against a law enforcement officer or a police department?  If so, what was the nature of the complaint? Was there anything about that experience that causes you to be unsure about your ability to decide this case fairly and impartially, and only on the basis of the evidence I admit during this trial and the law as I instruct you in it?

8. It is your duty as a juror to listen to the opinions and points of view of other members of the jury.  By the same token, it is also your duty as a juror to express your opinion or point of view regarding the evidence to other members of the jury.  Is there anyone here who would feel any reluctance in joining the discussion with the other members of the jury during deliberations?  Is there anyone

here who might feel offended if other members of the jury disagreed with his or her view of the evidence?  Is there anyone here who might feel unable to listen to a fellow juror who disagreed with you?

Counsel anticipates that other follow-up questions might be asked, depending upon the responses given by panel members.

                        Respectfully submitted

                        By his attorney,

                        /s/ Syrie D. Fried
                        Syrie D. Fried
                           B.B.O. #555815
                        Federal Defender Office
                        408 Atlantic Avenue, 3rd Floor
                        Boston, MA  02110
                        Tel: 617-223-8061