```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    :
                            :
     v.                     :
                            :     CR. No. 04-10010-PBS
MATTHEW DWINELLS,           :
                            :
       Defendant            :
```

### GOVERNMENT'S SUPPLEMENT TO MOTION *IN LIMINE* FOR INSTRUCTION ON "INTENT" ELEMENT UNDER 18 U.S.C. §2422(b)

As the government argued in its original motion, the "intent" element in section 2422(b) does not require the government to prove that the defendant intended to engage in unlawful sexual conduct with a minor.  Rather, it is sufficient for the government to show that the defendant attempted to persuade, induce, entice, or coerce the minor to engage in the unlawful sex.  At the hearing on July 19, 2005, this Court, in questioning whether there would ever be an instance where a defendant might attempt to engage in such persuasion or enticement without actually desiring to have sex with the minor, inquired whether a defendant could be found to violate the statute even in the absence of proof that the defendant planned to follow through with the unlawful sex.  The Sixth Circuit has addressed this very issue and answered affirmatively.

In United States v. Bailey, 228 F.3d 637 (6th Cir.2000), one of the cases cited in the government's original motion, the defendant contended that attempt under §2422(b) "requires the

specific intent to commit illegal sexual acts rather than just the intent to persuade or solicit the minor victim to commit sexual acts." Id. at 638. In rejecting this argument, the court held:

> While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after persuasion, ***they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves.*** Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade.

Id. at 639. (emphasis added).

In addition to Bailey and the other cases cited, the government brings the additional cases to the Court's attention: United States v. Dhingra, 371 F.3d 557, 566 (9th Cir. 2004)("Dhingra's purpose in contacting the victim is material, as his intent in communicating with a minor is an essential element of criminal liability under §2422(b)"); United States v. Meek, 366 F.3d 705, 720 (9th Cir. 2004)("§2422(b) criminalizes the attempt to induce a minor to engage in sexual activity"); United States v. Kufrovich, 997 F.Supp. 246, 257 (D. Conn. 1997)(It is the use of a means of interstate commerce knowingly to persuade or to attempt to persuade a minor to engage in unlawful sex that is the crime.).

           Respectfully submitted,
           MICHAEL J. SULLIVAN
           United States Attorney

BY:   /s/Donald L. Cabell
      Donald L. Cabell
      Assistant U.S. Attorney
      One Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3105

      Sara L. Gottovi
      Trial Attorney, Department of Justice
      (202) 305-4133