UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW DWINELLS | ) | CR. NO. 04-10010-PBS |
| | ) | |

**SUPPLEMENT TO GOVERNMENT'S MOTION
TO ADMIT EVIDENCE UNDER RULE 404(b)**

In light of the discussion at the pretrial hearing on July 19, 2005, and incorporating by reference the arguments contained in the government's original 404(b) motion, the government submits this brief supplement to the motion to clarify two points. First, the fact that the defendant may by the time of trial have pled to the charges of possession and receipt of child pornography in counts four and five does not change the fact that conduct underlying the charges is admissible; it is well established that prior convictions may be admitted under Fed. R. Evid. 404(b). See United States v. Ferrer-Cruz, 899 F.2d 135, 137 (1st Cir. 1990); United States v. Mejia-Lozano, 829 F.2d 268, 272 (1st Cir.1987); United States v. Francesco, 725 F.2d 817, 822 (1st Cir.1984); United States v. Grimaldi, 606 F.2d 332, 340 (1st Cir.1979).

Second, and in response to the Court's concerns over the nature of the images the government seeks to introduce, the principal issue at trial will be whether the defendant had the requisite intent to entice a minor to engage in unlawful sex.

Evidence that the defendant possessed pictures not only of naked minors, but minors engaged in sex, and with male adults, is highly probative of the defendant's mindset and intent in engaging in sexual conversations with minors.  Indeed, the very fact that the defendant specifically chose to collect such sexually explicit images over far more benign ones involving children placed in poses, for example, is, next to the chats and conversations, arguably the most probative evidence of his intent and the degree and intensity of his sexual interest in minors.

For these reasons, limiting the nature of the images the government may introduce at the trial runs the high risk of potentially confusing the jury, and would in any event deprive the government of introducing indisputably relevant evidence on what will be the most hotly contested issue at trial.  Moreover, although the defendant has admitted to possessing one thousand pornographic images on his computer, the government does not seek to introduce all the images, and would agree to introduce only those nine images to which the defendant has agreed to plead guilty; the images are being submitted to the Court under separate cover.

Finally, as in the case with any 404(b) evidence, the Court can minimize if not eliminate the risk of any prejudice by giving the jury an appropriate limiting instruction.

2

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:

                         /s/Donald Cabell
                         DONALD L. CABELL
                         Assistant U.S. Attorney
```