UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10010-PBS |
| ) | |
| MATTHEW DWINELLS ) | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE TO ADMIT 404(b) EVIDENCE

The defendant Matthew Dwinells opposes the government's motion to admit images of child pornography and child erotica in evidence at his trial for attempted enticement of minors.[1] Dwinells objects to the introduction of both evidence of his conviction for possession of child pornography and evidence of his possession of the pornographic and erotic images, without reference to the fact of any criminal court conviction for possession of the images. Dwinells submits that evidence of his possession of child pornography is not probative of the central issue which the jury will be called upon to decide, namely whether Mr. Dwinells had the intent to engage in criminal sexual relations with underaged girls and attempted to entice the "girls" in question to have such relations with him.[2] At the

---

[1] Count 1 charges attempted coercion or enticement of a minor between July 14, 2002 and September 8, 2002; count 2 charges the same between September 27, 2002 and January 10, 2003; count 3 charges the same between April 26, 2002 and January 28, 2003.

[2] 18 U.S.C. §2422(b) proscribes the actual or attempted coercion or enticement of a person under 18 years of age to

same time, however, such evidence is inflammatory and highly prejudicial. The admission of this evidence would distract the jury from the relevant issues of Dwinells' intent with respect to his chat relationships and would likely be misused by the jury to infer Dwinells' bad character. This evidence would also be misused by a jury as proof of a propensity to commit perverted sex acts with children, thus unfairly increasing the likelihood of a guilty verdict.[3]

ARGUMENT

I.  The Evidence Is Not Probative Of Any Legitimate Factual Question At Trial.

The government has not articulated a theory under which the images sought to be admitted are admissible under FRE 404(b). It is unquestioned that this evidence is evidence of another crime. Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

In its motion the government states, without explanation or

---

engage in sexual activity "for which any person could be charged with a criminal offense."

[3] Dwinells intends to plead guilty to counts 4 and 5 of the indictment, which charge him with receipt of child pornography and possession of child pornography. Count 4 charges receipt of child pornography between on or about April 21, 2001 and September 4, 2001, and count 5 charges possession of child pornography on or about March 19, 2003.

-2-

analysis, that "Dwinells' possession of child erotica and child pornography on his computer is clearly demonstrative of his 'proof of motive . . . intent . . . knowledge . . . or absence of mistake or accident.'" It is certainly not probative of all of these, since most of these factors are not in dispute in this case.  Accident or mistake are not at issue; there is no contention that Dwinells acted mistakenly or accidentally in participating in the chats.  Similarly, this evidence has no bearing on motive; indeed, the only "motive" this evidence could support would be a propensity to molest children, clearly a purpose disallowed given the charges and facts of this case.  The evidence has no tendency to prove Dwinells' knowledge of some fact salient to the prosecution's case; Dwinells is not making any special claims of ignorance as would support his defense.  Finally, while Dwinells' intent to engage in illicit sex with a minor is a central issue, his possession of pornography is only minimally probative of the presence or absence of that intent.

FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  The pornographic images recovered from Dwinells' computers are not highly relevant to prove whether he intended to coerce or entice minors into sexual activity through the computer correspondence.  Most of the images

-3-

the government seeks to use are of very young girls, under the age of 8 or 9, engaged in fellatio on adult men. The "girls" with whom Dwinells chatted were purportedly 14 year-olds. Pornography involving very young girls is not strong proof of Dwinells' interest in sexual relations with pubescent teenagers. Second, the images were received and possessed both before the computer correspondence with these fictitious minors began and after it ended. It is commonly recognized that people who collect child pornography often have it for long periods of time and do not dispose of it readily. See, e.g., United States v. Newsom, 402 F.3d 780, 783 (7th Cir. 2005), citing United States v. Ricciardelli, 998 F.2d 8 (1st Cir. 1993). Thus the temporal connection between most of the images and the alleged enticement conduct is weak. Third, the images were never discussed on-line with the undercover agents or described through letters. They were not sent or used by Dwinells to forward his relations with his correspondents.

In an apparent effort to characterize Dwinells' conduct as coercive, the government states that Dwinells "instructed his minor victims to send him specific pictures of their sexual organs." Gov't Motion, p.2. This assertion is laughably misleading, as Dwinells' initial exchange with one of the "girls" demonstrates:

    MD: im matt
    CC: i have also me a couple of guys i met on here; hi matt;

```
im paige
MD: hi
CC: what up
MD: not much; i would meet you
CC: REALLY
MD: yes
CC: YOU KIDDING RIGHT
MD: no; pic?
CC: OMG that would be so kewl; i got lots of them but they
are all polarids
MD: yes it would
CC: my bf took them
MD: send me some
CC: i got some really sexy ones
MD: may i see?
CC: want me to tell you about them
MD: yes
CC: some of me looking through my legs at my bf standing
behind me
MD: mmmmmmmmmm
CC: and some of me nude playing with myself on the bed
MD: i want to see them
CC: my bg liked to to take my pictuere all the time; you
want to see them [sic]
MD: yes
CC: i like to send them to you; will you give me your pict
MD: e-mail? Yes
CC: they are polaroids; i send them all the time to guys.⁴
```

II. The Evidence Is Unfairly Prejudicial.

The evidence is also inadmissible under Fed. R. Evid. 403, which provides for the exclusion of relevant evidence if its admission would cause confusion or delay, or if its probative value is substantially outweighed by the danger of unfair prejudice. Even if this court found that these images had some marginal relevance to the intent to entice a minor into sex, such minimal probative value is substantially outweighed by the unfair

---

⁴ "MD" is Dwinells and "CC" is "Couchchild;" this relates to Count I of the indictment.

prejudice that would be created by admitting this evidence. Evidence concerning the pornography recovered would improperly influence the jury's consideration of the attempted coercion counts, undermining Dwinells' rights to due process and a fair trial.  See United States v. Varoudakis, 233 F.3d 113 (1st Cir. 2000) (evidence that defendant had set earlier uncharged fire was inadmissible under FRE 403 in trial of later fire), citing United States v. Utter, 97 F.3d 509, 514 (11th Cir. 1996).  Admission of these images would certainly evoke feelings of disgust and revulsion from the jury.  See United States v. Grimes, 244 F.3d 375 (5th Cir. 2001), reversing a conviction for possession of child pornography where evidence of two narratives found on the defendant's computer which described the rape and torture of children should not have been admitted in evidence; the court recognized that the narratives were highly relevant to three different issues in that particular case but still found that their prejudicial impact outweighed their probative value.  Id. at 385.

In addition to being inherently repugnant, these images would also create prejudice by distracting the jury from the real issue in this case.  The charges here require proof that Dwinells intended to entice and coerce a minor into sex; this cannot be satisfied by proof of any other possible intent that might be inferred from Dwinells' mere possession of child pornography.

In <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234, 245 (2002), the Supreme Court recognized that not all collectors of child pornography are pedophiles:

> The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people.  In its legislative findings, Congress recognized that there are subcultures of persons who harbor illicit desires for children and commit criminal acts to gratify the impulses...Congress also found that surrounding the serious offenders are **those who flirt** with these impulses and trade pictures and written accounts of sexual activity with young children. (emphasis added).

Evidence of Dwinells' possession and/or receipt of these pornographic images could well produce a conviction on the enticement charges based not on a finding of the required specific intent but on improper speculation by the jury as to his character or propensity to commit the crimes charged.

<u>CONCLUSION</u>

All evidence related to the pornographic and erotic images found on Dwinells' computers which form the basis for his anticipated guilty pleas should be excluded at trial on the remaining counts of this indictment.

```
                                    MATTHEW DWINELLS

                                    By his attorney,

                                    /s/ Syrie D. Fried


                                    Syrie D. Fried
                                       B.B.O. # 555815
                                    Federal Defender Office
                                    408 Atlantic Avenue, 3rd Floor
                                    Boston, MA  02110
                                    Tel: 617-223-8061
```