IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NUMBER |
| MATTHEW DWINELLS, | : | 04-10010-PBS |
| | : | |
| Defendant. | : | |

UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America, through undersigned counsel, submits the attached requests for jury instructions in the above matter.  The United States also would request the right to modify these requests, or submit additional requests, as appropriate, after the close of the evidence.

This 23rd day of July, 2005.

Respectfully submitted,


MICHAEL J. SULLIVAN
United States Attorney


By:  /s/ Donald L. Cabell
DONALD L. CABELL
Assistant United States Attorney
(617)748-3105

SARA L. GOTTOVI
Trial Attorney, Department of
Justice
(202) 305-4133

United States' Proposed Instruction No. 1

COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.


It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.


It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.


In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may have said or done -- what verdict you should

2

return is entirely a matter for you to decide.[1]

---

[1]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.01.

<u>United States' Proposed Instruction No. 2</u>

PRESUMPTION OF INNOCENCE; REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, Matthew Dwinells, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  Defendant has the right to rely

4

upon the failure or inability of the government to establish
beyond a reasonable doubt any essential element of a crime
charged against him.

If, after fair and impartial consideration of all the
evidence, you have a reasonable doubt as to defendant's guilt of
a particular crime, it is your duty to acquit him.  On the other
hand, if after fair and impartial consideration of all the
evidence you are satisfied beyond a reasonable doubt of Matthew
Dwinells' guilt of a particular crime, you should vote to convict
him.[2]

---

[2]Pattern Criminal Jury Instructions for the First Circuit (West
1998), 3.02.

United States' Proposed Jury Instruction No. 3

WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide the facts consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from the evidence before you such reasonable inferences as you believe are justified in light of common sense and personal experience.[3]

---

[3]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.04.

United States' Proposed Jury Instruction No. 4

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference by reason and common sense that another fact exists, even if it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.[4]

---

[4]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.05.

7

United States' Proposed Jury Instruction No. 5

CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.[5]

---

[5]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.06.

8

<u>United States' Proposed Jury Instruction No. 6</u>

WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.  Anything I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.   You must not consider such items.

4.  Anything that you have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

5.  The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that

indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.[6]

---

[6]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.08.

United States' Proposed Jury Instruction No. 7

EXPERT WITNESSES

When knowledge of a technical or specialized subject matter might be helpful to the jury, a person having special training or experience in that subject matter is permitted to state an opinion concerning those matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.[7]

_____

[7]Adapted from Committee on Pattern Jury Instructions, Judicial Council of the Eleventh Circuit, Pattern Jury Instructions (Criminal Cases), Basic Instruction 7, p. 21 (West 2003).

11

<u>United States' Proposed Jury Instruction No. 8</u>

STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made a statement in which the United States claims that he admitted certain facts.

It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made.[8]

_____

[8] Pattern Criminal Jury Instructions for the First Circuit (West 1998), 2.10.

12

<u>United States' Proposed Jury Instruction No. 9</u>

GOVERNMENT'S USE OF UNDERCOVER AGENTS

You have heard testimony from undercover agents who were involved in the government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.[9]

---

[9] Ninth Circuit Model Criminal Jury Instructions, 4.13.

13

<u>United States' Proposed Jury Instruction No. 10</u>

COUNTS ONE THROUGH THREE: ATTEMPTED ENTICEMENT OF A MINOR FOR
ILLEGAL SEXUAL PURPOSE
18 USC § 2422(b)

Title 18 United States Code, Section 2422(b), makes it a Federal crime or offense for anyone to use any facility of interstate commerce to knowingly persuade, induce or entice any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, or to attempt to do so.

In order to carry its burden of proof for the crime of attempted enticement of a minor for an illegal sexual purpose as charged in Counts One through Three of the Indictment, the government must prove the following two things beyond a reasonable doubt:

First, that Dwinells intended to commit the crime of enticement of a minor for an illegal sexual purpose; and

Second, that Dwinells engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.

14

The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.[10]

For your evaluation of whether defendant Dwinells intended to commit and took substantial step toward committing the offense of enticement of a minor for an illegal sexual purpose, I instruct you now that the elements of that crime are:

First:     That the defendant used a facility of interstate commerce;

Second:    That the defendant did this knowingly with the intent to persuade, induce or entice an individual under the age of 18; and

Third:     That the persuasion, inducement or enticement had the purpose of causing the minor to engage in any sexual activity for which any person can be charged with a criminal offense.[11]

---

[10]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 3.01.

[11]18 U.S.C. § 2422(b).

United States' Proposed Jury Instruction No. 11

USE OF A FACILITY OF INTERSTATE COMMERCE

With respect to the first element of the offense of enticement of a minor for an illegal sexual purpose, that the defendant used a facility of interstate commerce in the commission of the crime, I instruct you that the use of the internet is the use of a facility of interstate commerce.  It is for you to determine if the internet was used.[12]

---

[12]U.S. v. Carroll, 105 F.3d 740 (1st Cir. 1997) (transmission via Internet is tantamount to moving them across state lines)

16

<u>United States' Proposed Jury Instruction No. 12</u>

PERSUADES, INDUCES, ENTICES

The criminal statute under which defendant Dwinells is charged in Counts One through Three of this case makes it a federal crime for whoever knowingly persuades, induces or entices a minor to engage in any sexual activity for which that person could be charged with a criminal offense, or attempts to do so.

The terms "persuades," "induces" and "entices" are not defined in the statute.  You may use your commonsense understanding of those terms to determine whether the defendant possessed the requisite intent.[13]

---

[13]18 U.S.C. § 2422(b).

17

<u>United States' Proposed Jury Instruction No. 13</u>

ANY SEXUAL ACTIVITY FOR WHICH ANY PERSON CAN BE CHARGED WITH A
CRIMINAL OFFENSE

I instruct you that under Massachusetts General Law, Chapter 265, Section 23, it is a crime to engage in sexual intercourse with a child under the age of 16 and under Massachusetts General Law, Chapter 272, Section 35A it is a crime to commit any unnatural and lascivious act with a child under the age of 16. It is for you to determine whether defendant Dwinells intended to persuade a minor who was under the age of 16 either to engage in sexual intercourse or to engage in any unnatural and lascivious act.

<u>United States' Proposed Jury Instruction No. 14</u>

REQUIRED INTENT – "PERSUADES, INDUCES, ENTICES . . . ANY INDIVIDUAL WHO HAS NOT ATTAINED THE AGE OF 18 YEARS, TO ENGAGE IN . . . ANY ACTIVITY FOR WHICH ANY PERSON CAN BE CHARGED WITH A CRIMINAL OFFENSE"

In order to sustain its burden of proof for Counts One through Three of the Indictment, the United States must prove beyond a reasonable doubt that it was part of defendant Dwinells' conscious purpose to persuade, induce or entice any individual who has not attained the age of 18 years, to engage in any activity for which any person can be charged with a criminal offense.  It need not have been his only purpose or motivation. A person may have several different purposes or motives for such actions and each may prompt, in varying degrees, the act.

The government must prove beyond a reasonable doubt, however, that one of the significant or dominant purposes of the defendant's acts was to persuade, induce or entice any individual who has not attained the age of 18 years, to engage in any activity for which any person can be charged with a criminal offense.

Intent involves the state of a person's mind.  The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent is usually established by surrounding facts and circumstances as of the time the acts in question occurred or

19

when the events took place, and the reasonable inferences to be
drawn from them.[14]

_____

[14]Adapted from the charge of the Honorable Jed S. Rakoff in
<u>United States v. Miller</u>, 96 Cr. 412 (JSR) (S.D.N.Y. 1997), <u>aff'd</u>,
148 F.3d 207 (2d Cir. 1998); Kevin F. O'Malley, <u>et al</u>., <u>Federal
Jury Practice and Instructions</u>, 5th Ed. § 60.07.

<u>United States' Proposed Jury Instruction No. 15</u>

FAILURE TO ACCOMPLISH INTENDED ACTIVITY IMMATERIAL

Because the "intent" element in Counts One through Three of
the Indictment relates specifically to the intent to "persuade,
induce or entice" any individual who has not attained the age of
18 years to engage in any sexual activity for which any person
can be charged with a criminal offense, it does not matter
whether the unlawful sexual act alluded to by the defendant was
not, or could not be accomplished.  In other words, while it is
necessary for the United States to prove that the defendant
intended to persuade, induce or entice a minor to engage in an
unlawful sex act, it is not necessary for the United States to
prove that the defendant intended to engage in the sexual act
itself as a follow-up to the persuasion, inducement or
enticement, or that anyone, in fact, was persuaded.  In short, it
is sufficient for purposes of the "intent" element for the United
States to prove that the defendant intended to persuade, induce
or entice.

In sum, the offense charged in Counts One through Three of
the Indictment is complete if the United States proves, beyond a
reasonable doubt, that the defendant intended to commit the crime
of using any facility of interstate commerce to knowingly
persuade, induce or entice any individual who has not attained
the age of 18 years to engage in any sexual activity for which

21

any person can be charged with a criminal offense, and that he engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.[15]

---

[15]Adapted from Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, 5th Ed. § 60.06; United States v. Bailey v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000).

United States' Proposed Jury Instruction No. 16

ON OR ABOUT – KNOWINGLY

You will note that the Indictment charges that the alleged offenses were committed "on or about" certain dates.  The government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

The word "knowingly," as that term has been used in the Indictment or in these instructions, means that the acts were done voluntarily and intentionally and not because of mistake or accident.[16]

---

[16]Pattern Criminal Jury Instructions for the First Circuit (West 1998), 2.13.

<u>United States' Proposed Jury Instruction No. 17</u>

DUTY TO DELIBERATE

I now come to the last part of the instructions the rules for your deliberations.

When you retire you will discuss the case with other jurors to reach agreement if you can do so.  When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.  Your verdict must be unanimous.  Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.[17]

---

[17]Adapted From Pattern Criminal Jury Instructions for the First Circuit (West 1998), 6.01, 6.02.

24

<u>United States' Proposed Jury Instruction No. 18</u>

REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Don't be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your

25

own conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply

to reach a verdict.[18]

---

[18]Adapted From Pattern Criminal Jury Instructions for the First
Circuit (West 1998), 6.03.

<u>United States' Proposed Jury Instruction No. 19</u>

VERDICT

A form of verdict has been prepared for your convenience.  This is simply the written notice of the decision you will reach in this case.  I want to read this form to you now.

[Read Form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then advise the jury officer outside your door that you are ready to return to the courtroom.  After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your

27

deliberations while waiting for the answer to the question. Remember, you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict, or have been discharged.[19]

---

[19]Adapted From Pattern Criminal Jury Instructions for the First Circuit (West 1998), 6.04, 6.05.