UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NUMBER |
| MATTHEW DWINELLS, : | 04-10010-PBS |
| : | |
| Defendant : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT**
**MATTHEW DWINELLS'S MOTIONS IN LIMINE**

The government opposes or responds to the defendant's various motions *in limine* as follows.

1. Defendant's Prior Convictions

The government responds to the motion as follows. The government is well aware of its rights and limitations under the rules of evidence regarding the use of a defendant's prior convictions at trial. To the extent the defendant seeks a declaratory ruling that the defendant's conviction could never be relevant or admissible at trial even were the defendant to testify, the government opposes the motion as premature.

2. Defendant's Buddy List

The government does not intent to introduce the buddy-list itself into evidence. However, as the defendant is aware, Inspector Irvine will testify that he reviewed the buddy list with the defendant following the search, and, without specifically referring to the names, will testify that the defendant indicated for Inspector Irvine those screen names the

defendant understood to belong to minors with whom he had engaged in sexually charged conversations. Similarly, the defendant identified at least three names as belonging to adults with whom he had traded child pornography. This evidence is admissible and not overly prejudicial; where the principal issue at trial will be whether the defendant intended to persuade a minor to engage in unlawful sex, evidence, evidence that the defendant was not only engaging in chats with other minors and trading child pornography with other adults, but also kept an actual list of the individuals, is highly probative of his intent in engaging in chat with the undercover officers.

   3.  Photographs of the Defendant and his Genitals

The government opposes this motion. The relevance of the photos could not be more clear or evident; the defendant, while engaged in highly sexually charged conversations with a person he believed to be a 14 year old girl, sent her pictures of his face and his (erect) penis. As such, the pictures are themselves part of and inextricably intertwined with the charged offenses, and are highly probative of the defendant's intent *while actually engaged* in the chats. See United States v. Jahner, 2003 WL 21920011 (9th Cir. (Nev.))(court did not abuse its discretion under Rule 403 in allowing jury to see numerous photographs of defendant's penis in case charging violation of travel to engage in sexual act with juvenile).

4. <u>The "Maria" chats</u>

The government opposes the defendant's motion to exclude the complete transcript of the Maria chats. As the government indicated at the hearing on July 22, 2005, the whole transcript is necessary for the jury to appreciate the true nature of the defendant's relationship with "Maria," and to provide context for certain statements the government intends to highlight. The defendant's concern that introduction of the transcript will delay the completion and pace of the trial is with merit because, as the government indicated at the hearing, the government intends to have only a portion of the chats read at trial.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                        By:   <u>/s/Donald L. Cabell</u>
                            DONALD L. CABELL
                            Assistant U.S. Attorney