UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10010-PBS |
| | ) | |
| MATTHEW DWINELLS | ) | |

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

The defendant Matthew Dwinells requests that the following jury instructions be given when appropriate at trial in this case. Counsel requests leave to further supplement these instructions as circumstances may dictate during the course of trial.

                                              Respectfully submitted

                                              By his attorney,

                                              /s/ Syrie D. Fried
                                              Syrie D. Fried
                                                  B.B.O. #555815
                                              Federal Defender Office
                                              408 Atlantic Avenue, 3rd Floor
                                              Boston, MA  02110
                                              Tel: 617-223-8061

<u>Attempted Coercion or Enticement</u>

Matthew Dwinells is charged with attempting to coerce or entice a minor to engage in unlawful sexual conduct, in violation of 18 U.S.C. §2422(b). In order the prove the charge against Mr. Dwinells, the government must prove each of the following elements beyond a reasonable doubt:

1. That Dwinells used the mail or some other facility of interstate commerce;
2. In an attempt;
3. To persuade, induce, entice, or coerce;
3. An individual who had not attained the age of 18 years;
4. To engage in illegal sexual conduct, as I will define for you under Massachusetts state law, with him.

The offense of attempted coercion or enticement requires the government to prove that Mr. Dwinells acted with the specific intent to commit the underlying crimes of having sexual intercourse with a child under the age of 16 and committing unnatural and lascivious acts with a child under the age of 16.

See <u>Mortensen v. United States</u>, 322 U.S. 369, 64 S.Ct. 1037, 1040-1041 (1944)(construing intent requirements of the Mann Act); <u>United States v. Dhingra</u>, 371 F.3d 557, 561-563 (9th Cir. 2004)(18 U.S.C. §2422(b) requires that intent to engage in criminal sexual activity be shown); <u>United States v. Farner</u>, 251 F.3d 510, 513 (5th Cir. 2001)(§2422(b) requires proof of intent to engage in sex acts with a child); <u>United States v. Ellis</u>, 935 F.2d 385, 389-390 (1st Cir 1991)(construing intent requirement of 18 U.S.C. §2423, outlawing interstate transportation of a minor).

I will now define the concept of an attempt for you. A person attempts to commit a crime when he has the specific intent to commit the crime and then does some overt act that is a substantial step toward committing the intended crime. In this case, the government must prove that Matthew Dwinells, first, intended to have unlawful sexual intercourse with a child under 16 or intended to commit unnatural and lascivious acts with a child under the age of 16, and second, that he did some overt act that was a substantial step toward committing either the crime of having unlawful sexual intercourse or committing unnatural and lascivious acts with a child under 16.

Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation and must strongly confirm that he intended to have unlawful sexual contact with a child. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

6th Circuit Criminal Pattern Jury Instructions, 2005

### Proposed Limiting Instruction – 404(b) Evidence

You have heard evidence that images of child pornography were found on Mr. Dwinells' computer. This evidence was admitted because it may have some relevance to proof of Mr. Dwinells' motive or intent to commit the offenses with which he is charged.

It is for you, the jury, to decide whether this evidence is relevant to prove Mr. Dwinells' motive or intent, and it is for you to decide how much weight to give the evidence.  I instruct you that you **may not** use this evidence to conclude that Mr. Dwinells has bad character or that he was a propensity to engage in sexual relations with minors.

### Indecent Speech To A Minor Not A Crime

There was evidence in this case that Matthew Dwinells sent instant messages which had sexually explicit content over the internet to people posing as teenaged girls. [There was also evidence that Mr. Dwinells sent photographic images of his genitals to one of the supposed girls.]  I instruct you that in the specific context of internet communication, whether via instant messaging or chat-room conversation, it is not a crime knowingly to address indecent speech to a minor.  The Supreme Court has stated that "[r]egardless of the strength of the government's interest in protecting children, the level of discourse reaching a mailbox cannot be limited to that which would be suitable for a sandbox." [see Reno, below, 521 U.S. at 875, 117 S.Ct. at 2346] Sexual expression which is indecent but not obscene is protected by the First Amendment. [see Sable, below, 492 U.S. at 126, 109 S.Ct. at 2836]  Therefore, it is not a crime for a person to initiate the transmission of any indecent comment, request, suggestion proposal, or image, knowing that the

recipient of the communication is under 18 years of age, where such a transmission is done on a computer via the internet.

I further instruct you that it is not a crime to use a computer to send any comment, request, suggestion, proposal or image that depicts or describes in patently offensive terms sexual or excretory activities or organs to a specific person under the age of 18.

You are being called upon to decide whether Matthew Dwinells intended to engage in certain proscribed sexual activity and whether he attempted to coerce, induce or persuade a minor to participate in such activity, beyond a reasonable doubt.  You may use evidence of his communications to the extent you find that evidence relevant to proving the existence of any intent to induce or coerce.  But I instruct you that the communications, by themselves, are not a crime.

See Reno v. American Civil Liberties Union, 521 U.S. 844, 117 S.Ct. 2329 (1997); Sable Communications of California v. F.C.C., 492 U.S. 115, 109 S.Ct. 2829 (1989); United States v. Dhingra, 371 F.3d 557, 565 (9th Cir. 2004).

### Impeachment By Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as his/her testimony in this trial.  You may consider that earlier statement to help you decide how much of [witness's] testimony to believe.  If you find that the prior statement was not consistent with [witness's] testimony at this trial, then you

should decide whether that affects the believability of [witness's] testimony at this trial.

First Circuit Pattern Jury Instruction 2.02.

### Impeachment Of Witness Testimony By Prior Conviction

You have heard evidence that [witness] has been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

First Circuit Pattern Jury Instruction 2.03.  This instruction is adapted from Eighth Circuit Instruction 2.18, Ninth Circuit Instruction 4.08 and Federal Judicial Center Instruction 30.

### Reasonable Doubt

The burden is on the government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be established beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Of course, a defendant is never to be convicted on suspicion or conjecture. It is not sufficient for the government to establish a

probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If you view the evidence in the case as reasonably permitting either of two conclusions -- one that the defendant is guilty as charged, the other that the defendant is not guilty –  you must find the defendant not guilty.

In conclusion, I instruct you that what the government must do to meet its heavy burden is to establish the truth of the charge by proof that convinces you and leaves you with no reasonable about, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to this charge against the defendant Matthew Dwinells, it is your duty to return a verdict of guilty.  On the other hand, if you think there is a reasonable doubt about whether the defendant is guilty of the offense charged here, you must give him the benefit of the doubt and find Mr. Dwinells not guilty of this offense.

<u>See</u> <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062-1063(1st Cir. 1997)