UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       )
                               )
                               )
        v.                     )   CRIM. NO. 04-10010-PBS
                               )
                               )
MATTHEW DWINELLS               )
```

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT OF ACQUITTAL

    The defendant Mstthew Dwinells submits this memorandum in support of his motion for judgments of acquittal.  This memorandum addresses two specific issues: the sufficiency of the evidence to prove that if the sexual activity discussed in the evidence had taken place, Dwinells could have been charged with criminal offenses under the law of Massachusetts, and the sufficiency of the evidence to show an attempt, as distinguished from mere preparation.

1.  The Evidence Was Insufficient To Prove A Violation Of Massachusetts State Law.

    This court instructed the jury that in order to convict the defendant of violating 18 U.S.C. §2422(b), it had to find beyond a reasonable doubt that "if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of Massachusetts." Jury Instruction No. 19.  Regarding

counts 2 and 3 of the indictment[1], the evidence was insufficient to prove that if the contemplated sexual activity had occurred, Dwinells could have been charged with offenses under Massachusetts state law.  There no evidence adduced on either of these counts to show that any sexual activity was to take place in the Commonwealth.  All of the chats between Dwinells and Ashley and Maria discussed his coming to see them where they lived for sexual assignations[2]; there was no discussion of either of these "girls" coming to Massachusetts for the purpose of having sex here.

    The courts of Massachusetts cannot exercise jurisdiction over crimes which occur outside the state.  In Commonwealth v. DiMarzo, 364 Mass. 669 (Sup. Jud. Ct. 1974), a question on appeal was whether jurisdiction existed in Massachusetts, and if so whether it had been adequately proven.  DiMarzo was a murder case; the evidence was that the victim's body had been found frozen in the woods in Maine, and that she had last been seen three days beforehand in Revere, Massachusetts.  The prosecution had been granted leave to try the case in Suffolk County pursuant to a statute, MGLc. 277 §57A, which allowed the trial court to designate a venue when the evidence was doubtful "as to whether

---

[1] These counts relate to "Ashley12988" and "Maria011788."

[2] "Ashley" purported to live in Spotsylvania, Virginia; "Maria" was from Dayton, Ohio.

or not the crime was committed within the county or the territorial jurisdiction of the court." In response to DiMarzo's contention that c.277§57A could not confer jurisdiction on a Massachusetts court where a crime did not occur in the Commonwealth, the Supreme Judicial Court said,

> With this contention we agree. . . . With reference to the question of jurisdiction, there can be no doubt that the judge had no power to try the defendant for crimes committed out of state. The questions before us are (1) whether there was sufficient evidence for the jury to find that the crime of murder charged against the defendant occurred in Massachusetts and (2) whether the judge rendered an adequate charge to the jury on their responsibility to determine the location of the crime.

364 Mass. at 671-672. See also Commonwealth v. Travis, 408 Mass. 1, 8 (Sup. Jud. Ct. 1990)("'Whether a criminal act occurred within the territorial boundaries of the Commonwealth, and thus whether the Commonwealth has jurisdiction over the individual charged with that act, is a question of fact to be settled by proof.'").

In the case at bar, this Court charged the jury that it had to find Dwinells could have been prosecuted under Massachusetts law had he consummated the planned sex acts with "Ashley" and "Maria." So far as this particular element of the offense was concerned, the charge was correct and not objected to by either party at trial. However, the evidence to support the proof of this element was plainly insufficient; indeed, it was non-existent. Instead, the evidence supported a finding that

Dwinells could have been prosecuted under analogous provisions of Ohio and Virginia law. See United States v. Dhingra, 371 F.3d 557, 565 (9th Cir. 2004)("It would indeed be problematic if [§2422(b)] permitted the prosecution of a defendant under the law of any jurisdiction, regardless of where the criminal conduct occurred or whether a charge could legitimately be brought. But the plain language of the statute limits its application to situations in which an individual could actually be prosecuted.")(emphasis added). This court should have granted the defendant's motion under F.R.Cr.P. 29 on counts 1 and 3.

2.  The Evidence Was Insufficient To Prove that Dwinells Took Substantial Steps Toward Completing The Substantive Crimes.

The defendant reiterates his contention that the evidence was insufficient to prove a criminal attempt, with particular focus here on the evidence underlying count 1, which relates to "Couchchild." The court instructed the jury that an attempt required proof "that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime [inducement or enticement of a minor] and strongly corroborated his criminal intent." Instruction No. 23. Dwinells took no actions regarding Couchchild other than to communicate with her. Dwinells did not send anything to Couchchild; she received no gifts. Couchchild sent Dwinells a photograph and two e-mails. During their last chat on September 8, 2002, they discussed

Couchchild's coming to Boston for a visit and went over bus and plane schedules.  There was no subsequent contact.  This chat traffic constituted at best "mere preparation" and did not rise to the level of an attempt under the law.

Those cases which suggest that a substantial step is proven by the content of a communication proposing a meeting, see, e.g., United States v. Thomas, 410 F.3d 1235 (10th Cir. 2005); United States v. Bailey, 228 F.3d 637 (6th Cir. 2000), are poorly reasoned and wrongly decided.  These decisions ignore the Supreme Court's holding in Reno v. ACLU, 521 U.S. 844, 117 S.Ct. 2329 (1997), that indecent proposals knowingly directed toward minors on the internet cannot be criminalized consistent with the First Amendment.  The defendant is not contending that §2422(b) is susceptible to an overbreadth challenge because the statute criminalizes conduct and not mere speech.  But when decisions such as Thomas and Bailey construe pure speech to be the equivalent of conduct for the purpose of assessing the sufficiency of the evidence to convict for an attempt under §2422(b), they raise grave constitutional questions and are analytically infirm.

The defendant submits that the evidence was insufficient to prove an attempt on all three counts of this indictment; however, the evidence was strikingly absent in regards to count 1.  For these reasons, this court should enter judgments of acquittal on

all counts of the indictment.

          Respectfully submitted,

          By his attorney,


          /s/ Syrie D. Fried
          Syrie D. Fried
             B.B.O. #555815
          Federal Defender Office
          408 Atlantic Ave., 3rd Floor
          Boston, MA  02210
          Tel: 617-223-8061