```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA            )
                                    )
          v.                        )  CRIMINAL ACTION NO. 04-10010-PBS
                                    )
MATTHEW DWINELLS,                   )
                                    )
               Defendant.           )
                                    )
```

**ORDER**

March 2, 2006

Saris, U.S.D.J.

On September 8, 2004, the government charged defendant Matthew Dwinells with three counts of violating 18 U.S.C. § 2422(b), which prohibits the use of any facility or means of interstate commerce in an attempt to knowingly persuade, induce, or entice any individual, who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense.  All three counts charged defendant with attempted coercion and enticement pursuant to § 2422(b).  With respect to the sexual activities chargeable as criminal offenses, the indictment specifically cited Mass. Gen. Laws ch. 265, § 23, which prohibits engaging in sexual intercourse with a child under the age of sixteen, and Mass. Gen. Laws ch. 272, § 35A, which prohibits committing any unnatural and lascivious act with a child under the age of sixteen.  During trial, defendant moved for a judgment of acquittal before

submission to the jury pursuant to Fed. R. Crim. P. 29(a).  The Court denied that motion.  (Docket No. 67.)  On August 1, 2005, the jury returned a verdict of guilty on all three counts.  Defendant requested, and the Court granted, an extension of time to move for a judgment of acquittal after the jury verdict pursuant to Fed. R. Crim. P. 29(c).  Defendant subsequently filed the motion at bar.  (Docket No. 68.)

Under Rule 29, "[a] judgment of acquittal should only be granted when the evidence and all reasonable inferences to be drawn from the evidence, both taken in the light most favorable to the government, are insufficient for a rational factfinder to conclude that the prosecution has proven, beyond a reasonable doubt, each of the elements of the offense."  United States v. Pimental, 380 F.3d 575, 583 (1st Cir. 2004) (citing United States v. Moran, 312 F.3d 480, 487 (1st Cir. 2002); United States v. Campbell, 268 F.3d 1, 6 (1st Cir. 2001)).

The Court instructed without objection that under § 2422(b), the government had to prove as the third element that "if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of Massachusetts."  It is undisputed that the sexual acts described by defendant as to all three victims, portrayed by undercover law enforcement to be under the age of sixteen, would constitute criminal offenses under Massachusetts law.

Defendant asserts that there was no evidence adduced to show

that any sexual activity would have occurred in Massachusetts with "Ashley12988" (Count II) or "Maria017788" (Count III). Instead, defendant argues that the chats concerned sexual acts that would take place in their home states of Virginia and Ohio. As the government points out, however, defendant's statements of sexual acts with "Ashley12988," portrayed as from Virginia, followed defendant's statement to her that if she sent him a pair of panties, he would "do my part by sending you some money to save to get here." Defendant also invited her to "come here" to get away from the D.C. sniper.

Similarly, in conversations with "Maria017788," portrayed as from Ohio, defendant stated not only his desires for sexual acts with her but also that he planned to "start a clothes drawer in my house for you," "I wish you were here," and "I want you now in my bed." Since defendant resided in and made these communications from Massachusetts, a jury could reasonably conclude that the government proved beyond a reasonable doubt that "if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the law of Massachusetts" for some of the sexual activity. (Jury Instruction No. 19.)

Defendant also asserts that the evidence was insufficient to prove the substantial step, to be distinguished from mere preparation, necessary for criminal attempt. Specifically, defendant states that he merely communicated with the three

victims, particularly Paige.  Communication alone, however, may sometimes constitute a substantial step under § 2422(b).  See United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005) (finding "a substantial step in an attempt to induce, entice, and persuade by writing and sending his insistent messages" under § 2422(b)).  With respect to Paige, defendant instructed her to masturbate, showed her a Victoria's Secret catalog from which she picked out a bikini defendant promised to buy, and looked at plane and bus schedules.  Based on these communications with Paige, the Court therefore finds sufficient evidence for a reasonable jury to conclude that the government proved beyond a reasonable doubt that defendant engaged in a purposeful and substantial step.  As the government points out, defendant actually sent gifts to the other two girls.

Accordingly, defendant Dwinells's motion for judgment of acquittal is **DENIED**.  (Docket No. 68.)

**S/PATTI B. SARIS**
United States District Judge