```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
MATTHEW DWINELLS,
          Petitioner,
                                          CIVIL ACTION
     v.
                                          NO. 06-11977-PBS
UNITED STATES OF AMERICA,                 (CR 04-10010-PBS)
          Respondent
```

MEMORANDUM AND ORDER

SARIS, D.J.

For the reasons set forth below: (1) this action shall not be construed as a (first) motion pursuant to 28 U.S.C. § 2255; (2) Dwinells's request for appointment of new counsel is denied without prejudice; (3) Dwinells's request for transfer is denied; (4) to the extent Dwinells seeks to file a civil action, he must file a separate Complaint and either pay the $350 filing fee or file an application for a waiver thereof, and (5) this action is hereby dismissed in its entirety without prejudice.

BACKGROUND

On October 23, 2006, Petitioner Matthew Dwinells ("Dwinells"), a Defendant in the case United States v. Matthew Dwinells, CR 04-10010-PBS, submitted a one page, self-prepared handwritten letter to this Court, complaining that his court appointed counsel, Syrie D. Fried, Assistant Federal Public Defender, failed to file a Notice of Appeal of his criminal conviction and sentence (or 51 months). Dwinells believes he "would have won." Pet. at 1. (#1). He also states he is indigent and requests another attorney be appointed to represent him. He claims that Attorney Fried has not returned his letters and phone calls from his family members, and he is considering

filing a motion for ineffective assistance of counsel.

Dwinells is currently in custody at USP Allenwood in Pennsylvania, and seeks transfer to FMC Devens.  He also seeks information regarding the filing fee, indicating he has heard differing reports as to the filing fee.

Finally, he claims he is having trouble getting paid $60.00 which he claims is owed to him by the Walpole State Prison.

ANALYSIS

I.   Motion to Vacate, Set Aside, or Correct Sentence
     Pursuant to 28 U.S.C. § 2255

Although Dwinells's letter seeks various types of relief, it appears his primary purpose in filing his letter was to assert his intent to challenge his conviction and sentence by this Court.  Accordingly, the Clerk's Office opened this action as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.

However, Dwinells appears to take issue with the fact that Attorney Fried did not file a Notice of Appeal, and thus it appears that he wishes to pursue his appellate rights with the United States Court of Appeals for the First Circuit, rather than to seek review of his conviction and sentence by the District Court.  In any event, any motion filed pursuant to § 2255 on the grounds that Dwinells "would have won" or ineffective assistance of counsel, would be premature, since appellate avenues have not yet been exhausted.  Additionally, the Court notes that in fact, Attorney Fried did file a Notice of Appeal on Dwinells's behalf.

See Notice of Appeal (#81) filed March 9, 2006 (the same date as entry of the Judgment of conviction). The Appeal has been assigned as USCA number 06-1709.

In light of this presumed intent, the Court finds construing Dwinells's letter as a § 2255 motion was a clerical error, and could have prejudicial effect in the future.[1]

Accordingly, this action shall be dismissed in its entirety without prejudice, and shall <u>not</u> be construed as a first § 2255 motion.[2]

## II. Request for Appointment of Counsel for Appeal

Dwinells has also requested appointment of a different attorney to represent him. To the extent Dwinells seeks an Order from this Court appointing new counsel for him, the request is denied without prejudice.

First Circuit Local Rule 12(b) provides that an attorney who has entered an appearance in the court may not withdraw without the consent of the court, and an attorney who has represented a defendant in a criminal case is responsible for representing the defendant on appeal. (cross-referencing the procedures in Local Rule 46.6).

---

[1] For instance, issues such as second or successive § 2255 motions may arise, should Dwinells seek § 2255 relief from this Court after exhausting all appellate avenues.

[2] Should Dwinells seek to file a § 2255 motion at a future date, (as, for instance, alleging ineffective assistance of counsel) he is advised that there is no filing fee imposed on § 2255 motions, and that there is a standard form (AO 243) which the Court would provide upon request, and which contains instructions for the filing of the motion.

First Circuit Local Rule 46.6 provides the procedure for withdrawal of counsel in criminal cases. This rule provides that "[a]n attorney who has represented a defendant in a criminal case in the district court will be responsible for representing the defendant on appeal, whether or not the attorney has entered an appearance in the court of appeals, until the attorney is relieved of such duty by the court of appeals." Additionally, First Circuit Local Rule 46.5(a) provides for a defendant to request court appointed counsel, and Rule 46.5(b) provides for appointment of counsel <u>by the Court of Appeals in criminal cases</u>. Therefore, any request for appointed counsel to represent him on appeal must be directed to the First Circuit Court of Appeals in accordance with these rules.

A copy of this Memorandum and Order shall be sent to Attorney Syrie Fried for whatever action she deems to be appropriate in ensuring Dwinells is represented by counsel on appeal.

III. <u>Request for Transfer to FMC Devens in Ayer, MA</u>

Dwinells also seeks transfer from USP Allenwood to FMC Devens. The Court notes that a recommendation was made for designation of Dwinells to FMC Devens for the Sex Offender Treatment Program, mental health counseling, and if available, drug abuse treatment program (not the 500 hour program). <u>See</u> Judgment (#82). The placement of a prisoner is within the purview of the Bureau of Prisons, and this Court is without

jurisdiction to Order the Bureau of Prisons to transfer Dwinells as he requests. Moreover, as a general matter, prisoners do not have a constitutional right to placement in a particular institution. Meachum v. Fano, 427 U.S. 215 (1976) (due process clause does not limit inter-prison transfer even when new institution is much more disagreeable). Prisoners may be moved from institution to institution without any procedural formalities, such as hearings, so long as the transfer does not amount to an "atypical, significant deprivation." Sandin v. Conner, 515 U.S. 472, 486 (1995) *cf.* Rhodes v. Chapman, 452 U.S. 337, 349 (1981) (the Constitution does not mandate comfortable prisons). Prison administrators are afforded broad deference in the adoption and execution of policies and practices necessary, in their judgment, to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979).

IV. Claims for Money Owed or Asserted Civil Rights Violations

To the extent Dwinells seeks an Order compelling the state prison to pay him money owed while he was a prisoner employed there, the request is denied as not properly presented to this Court.

First, Dwinells fails to state how this Court has jurisdiction to make such an Order. Second, to the extent Dwinells seeks to assert any civil rights claims under 42 U.S.C.

§ 1983 or Bivens,³ (such as challenges to his placement or transfer), Dwinells is required to comply with the Prison Litigation Reform Act with respect to the filing of civil actions.

A party bringing a civil action must either (1) pay the $350.00 filing fee when filing the Complaint, or (2) file an Application to Proceed Without Prepayment of Fees. See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee <u>must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration</u>. 28 U.S.C. § 1915(a)(2).

Here, the Court will not construe Dwinells letter as a civil action, because of the potential prejudicial consequences.⁴ However, Dwinells is advised that should he seek any civil action from this Court in the future (as opposed to a petition seeking habeas or § 2255 relief), he must file a <u>separate</u> Complaint in

---

³<u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (establishing limited right to sue for constitutional violations by federal officers).

⁴For instance, a prisoner is not entitled to a complete waiver of the $350.00 filing fee notwithstanding *in forma pauperis* status. Prisoners owe the entire filing fee, however, the fee is paid in installment payments pursuant to 28 U.S.C. § 1915(b) based on the amount of funds in the inmate's prison account statement. Additionally, prisoners are subject to the "three-strikes" rule of 28 U.S.C. § 1915(g)(restricting eligibility for *in forma pauperis* status by prisoners who have had on three or more occasions, cases dismissed on the merits).

accordance with the Federal Rules of Civil Procedure, and must either pay the filing fee or seek a waiver thereof by filing an application to proceed *in forma pauperis* accompanied by the requisite prison account statement.

The Court will not consider any further requests for relief which are unrelated to his criminal case and which are not in proper form in compliance with this Memorandum and Order.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall not be construed as a (first) motion pursuant to 28 U.S.C. § 2255;

2. Dwinells's request for appointment of new counsel is denied without prejudice;

3. Dwinells's request for transfer is denied;

4. To the extent Dwinells seeks to file a civil action, he must file a separate Complaint and either pay the $350 filing fee or file an application for a waiver thereof, and

5. This action is hereby dismissed without prejudice.

SO ORDERED.

DATE: November 15, 2006

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE